**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles M. Brewer Limited Restated Pension Plan; Charles M. Brewer Limited Profit Sharing Plan and Trust; Charles M. Brewer Limited Money Purchase Pension Plan; Charles M. Brewer Limited; Charles M. Brewer,<br><br>Plaintiffs,<br><br>vs.<br><br>Reish Luftman McDaniel & Reicher PC; Reish Luftman Reicher & Cohen PC; Reish & Reicher PC; Drinker Biddle & Reath LLP; C. Frederick Reish, Jr.; Unknown Reish; Bruce L. Ashton; Unknown Ashton; Martin H. Heming; Unknown Heming; Joseph C. Faucher; Unknown Faucher; Michael A. Vanic; Unknown Vanic; Nicholas J. White; Unknown White; Nicolas Waddles; Unknown Waddles,<br><br>Defendants. | CV 11-02363-PHX-FJM<br><br>**ORDER** |

The court has before it defendants Reish Luftman McDaniel & Reicher, P.C., Reish Luftman Reicher & Cohen, P.C., Reish & Reicher, P.C., Drinker Biddle & Reath LLP, C. Frederick Reish Jr., Bruce L. Ashton, and Joseph C. Faucher's (defendants) motion to dismiss

and compel arbitration (doc. 11).[1] Plaintiffs did not file a response, and the time for responding has expired.

This action arises out of plaintiffs' retention of defendant Reish Luftman McDaniel & Reicher ("Reish firm"), a California law firm, to defend against pension benefit claims asserted by a former employee of the Charles M. Brewer law firm.[2] Plaintiff Brewer signed a fee agreement with the Reish firm. Attached to the fee agreement was an arbitration clause, stating that "[i]n the event of a dispute arising from this Agreement, including, without limitation, the interpretation hereof and the performance hereunder" the parties "agree to submit to resolution by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association." Mot. to Dismiss, ex. 1 at ¶ 13.

In 2002, the former Charles M. Brewer firm employee filed an action relating to the pension benefits dispute. Defendants C. Frederick Reish Jr., Bruce Ashton, and Joseph Faucher are California licensed lawyers who defended plaintiffs in the pension benefits litigation.[3] The asset transfers among the pension plans relevant to that litigation were performed pursuant to advice from CBIZ, a third party administrator. Plaintiffs allege that on July 8, 2009, in the course of a separate action they commenced against CBIZ, they learned that defendant lawyers discovered in August 2001 that CBIZ had violated its legal and contractual duties to plaintiffs, but failed to notify plaintiffs of this misconduct.

Plaintiffs originally filed this action in the Superior Court of Arizona in Maricopa County on July 11, 2011 alleging four counts: (1) breach of fiduciary duty; (2) professional negligence; (3) constructive fraud; and (4) fraudulent concealment. Defendants timely

---

[1]Defendants Martin H. Heming, Michael A. Vanic, Nicholas J. White, and Nicolas Waddles are California lawyers who allegedly worked at some of the defendant entities. They have not appeared in this action.

[2]Defendants Reish Luftman Reicher & Cohen and Reish & Reicher are successor firms to the Reish firm. The Reish firm and its successors are collectively referred to as the Reish firm.

[3] These defendants are now affiliated with defendant Drinker Biddle & Reath LLC.

- 2 -

removed. Defendants seek dismissal of the action without prejudice and an order compelling arbitration. Alternatively, defendants request a stay of the action pending arbitration, or dismissal with prejudice because plaintiffs' claims are barred under the applicable statute of limitations.

The Federal Arbitration Act ("FAA") governs arbitration clauses in contracts that involve interstate commerce. 9 U.S.C. § 1. Here, plaintiffs and the Reish firm entered an agreement for Reish, a California law firm, to provide legal services to Arizona plaintiffs. The parties agreed to resolve disputes over how the Reish firm performed these services by arbitration. Under the FAA, "an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. § 2. Enforcement is mandatory. AT&T Mobility LLC v. Concepcion, __ U.S. __, __, 131 S. Ct. 1740, 1745 (2011); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241 (1985).

Because we may only order parties to arbitrate under the terms of their agreement, we (1) determine whether there is a valid arbitration agreement, and (2) determine whether the agreement covers the instant dispute. If the answer to both inquiries is yes, we must enforce the agreement. Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004). Here, plaintiffs and the Reish firm expressly agreed to the arbitration provision in the fee agreement by signing the agreement and initialing each page of the exhibit containing the arbitration provision. The provision expressly states that the parties agree to arbitrate disputes "including, without limitation, the interpretation of and the performance hereunder." Mot. to Dismiss, ex. 1 at ¶ 13. Plaintiffs' allegations address the performance of defendants' legal services, and thus are covered by the agreement. Plaintiffs have not argued that the agreement is unenforceable or revocable. Thus, under the FAA, our enforcement of the arbitration agreement is mandatory. Although the FAA states that an action should be stayed pending arbitration, 9 U.S.C. § 3, we have discretion to dismiss rather than stay claims. Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988). We exercise that

1 discretion in the interest of judicial economy.

2 Alternatively, because plaintiffs failed to respond to the motion, we construe the lack
3 of a response as a concession and grant the motion to dismiss and compel arbitration
4 summarily.  <u>See</u> LRCiv 7.2(i) ("if. . . counsel does not serve and file the required answering
5 memoranda. . . such non-compliance may be deemed a consent to the denial or granting of
6 the motion and the Court may dispose of the motion summarily").

7 Defendants Martin H. Heming, Michael A. Vanic, Nicholas J. White, and Nicolas
8 Waddles have not yet appeared in this action.  Plaintiffs allege that they were members of
9 the Reish entities, and as such they would also be subject to the arbitration provision.  It is
10 unclear whether these defendants have been served.  Nevertheless, the legal result as to these
11 defendants is the same.  <u>See</u> <u>Abagninin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 742-43 (9th
12 Cir. 2008).

13 Accordingly, **IT IS ORDERED GRANTING** defendants' motion to dismiss the
14 complaint and compel arbitration (doc. 11).  The parties are **ORDERED** to proceed to
15 arbitration pursuant to their agreement.

16 **IT IS ORDERED DENYING** defendants' motions in the alternative to stay the
17 proceeding pending arbitration and dismiss for violation of statute of limitations on grounds
18 of mootness (doc. 11).

19 This action is dismissed without prejudice.

20 DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -