**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Charles M. Brewer Limited Restated Pension Plan, et al.,

          Plaintiffs,

vs.

Reish Luftman McDaniel & Reicher PC, et al.,

          Defendants.

No. CV-11-02363-PHX-FJM

**ORDER**

     The court has before it plaintiff Charles M. Brewer's motion for relief from judgment (doc. 17), defendants' response (doc. 20), and Brewer's reply (doc. 28).

     This case involves a dispute between plaintiffs and a California law firm plaintiffs hired to defend them against pension benefit claims. Plaintiffs originally filed this action in state court, asserting claims of professional negligence and fraud. Defendants removed the action and filed a motion to dismiss without prejudice and to compel arbitration. Plaintiffs did not respond to the motion. On January 17, 2012, we entered an order granting the motion to dismiss and compelling arbitration (doc. 14) ("Order").

     Plaintiff Brewer now seeks relief from the Order pursuant to Rule 60(b)(4), Fed. R. Civ. P., which provides that a party may seek relief from judgment if "the judgment is void." Brewer argues that the judgment entered in this case is void because it violated the automatic

1    stay provisions of 11 U.S.C. § 362(a)(1) and (3).[1]

2          Brewer waited over a year and a half to file his request for relief from judgment.

3    Although the Federal Rules of Civil Procedure do not prescribe a specific time limit for filing

4    a motion under Rule 60(b)(4), the motion must be made "within a reasonable time." Fed. R.

5    Civ. P. 60(c)(1).  Brewer was, or should have been, fully aware of the possible effect of his

6    bankruptcy filing at the time defendants filed their motion to dismiss, but he failed to raise

7    it as a defense to the motion.  In fact, he did not respond to the motion at all.  If Brewer

8    thought the stay applied, he could have filed a notice of filing bankruptcy and suggestion of

9    stay before we acted.  But no notice was given.  Instead, he waited over a year and a half

10   after final judgment was entered to assert his argument that defendants' motion to dismiss

11   and the January 17, 2012 Order violated the automatic stay.  Brewer gives no explanation for

12   the delay.  We conclude that the motion for relief from judgment was not made within a

13   reasonable time as required by Rule 60(c)(1), and the motion is denied on this basis.  We also

14   deny the motion on its merits.

15         11 U.S.C. § 362(a)(1) provides that upon the filing of a petition for bankruptcy, an

16   automatic stay applies to "the commencement or continuation . . . of a judicial,

17   administrative, or other action or proceeding against the debtor."  Plaintiff argues that

18   notwithstanding that he initiated this action against the defendants, the motion to dismiss was

19   an "action against the debtor" under 11 U.S.C. § 362(a)(1), and was an act to "exercise

20   control over property of the estate" under § 362(a)(3).  We disagree on both counts.

21         This legal malpractice action initiated by Brewer against the defendants is clearly not

22   an "action or proceeding against the debtor."  Id. § 362(a)(1).  "[W]hether a case is subject

23   to the automatic stay must be determined at its inception.  That determination should not

24   change depending on the particular stage of the litigation at which the filing of the petitioner

25   in bankruptcy occurs."  Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426

26

27         [1]Charles Brewer filed this motion individually because only he has filed for
     bankruptcy. Therefore, our Order dismissing the case and compelling arbitration is final with
28   respect to the other plaintiffs.

(9th Cir. 1987) (quoting Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir. 1982)).   Where a single case includes several "actions or proceedings," "*who* filed the complaint is not dispositive of whether the case involves an action or proceeding against the debtor." Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995) (emphasis in original).   Instead, multiple claim or multiple party "litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3rd Cir. 1991).  For example, where a counterclaim "at its inception" is a claim against a debtor, it is stayed.  Parker, 68 F.3d at 1137.  But we have no counterclaim, cross-claim or third party claim in this case.  Therefore, this case "at its inception" is an action by the debtor.

Defendants' motion to dismiss and to compel arbitration is conduct in defense of the litigation initiated by Brewer.  While the debtor's cause of action may be an asset of the estate, the defendant is not, by opposing the action, seeking to take possession of estate assets.  Instead, it is "a continuation of the pre-petition judicial proceeding by the debtor and was not itself an "action against the debtor." Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989) (holding that a defendant's motion to dismiss a claim brought by a debtor is not subject to the automatic stay).

Brewer has cited to no case, nor have we found one, where a motion to dismiss or to compel arbitration filed in defense of a pre-petition action by the debtor constitutes an act to obtain possession or control over bankruptcy estate property.  The only case cited by Brewer in support of his claim is In re General Assoc. Investors Ltd., 159 B.R. 551 (Bankr. D. Ariz. 1993), where the bankruptcy court held that the Taxing Authorities' motion to dismiss debtor's appeal of a tax assessment was subject to the automatic stay under 11 U.S.C. § 362(a)(1).  The Taxing Authorities had "commenced the original proceeding" by virtue of the tax assessment against the debtor.   The debtor's appeal was in response to that assessment.  Therefore, the Taxing Authorities' motion to dismiss debtor's appeal was a

continuation of an "action against the debtor." In contrast to General Assoc., it is undisputed that Brewer commenced this action.

We reject Brewer's attempt to characterize defendants' motion to dismiss as "an overt attempt to 'exercise control over property of the [bankruptcy] estate.'" Reply at 2 (citing 11 U.S.C. § 362(a)(3)). "While it is true that a successful defense to a lawsuit eliminates its alleged value, this results in no loss to the estate . . . . There can be no loss of what does not exist." In re Merrick, 175 B.R. 333, 338 (BAP 9th Cir. 1994). Here, defendants' efforts to enforce the parties' arbitration agreement was a defensive strategy filed in response to plaintiffs' lawsuit. It was not an action or proceeding against a debtor, or an act to obtain possession of or control over property of the estate. It would defy equitable principles to allow the plaintiff/debtor to prosecute his action against defendants and at the same time deny defendants the opportunity to assert defensive motions. Brewer's petition for bankruptcy did not afford him the unfettered right to choose the forum in which to litigate his claim or to avoid an otherwise valid arbitration agreement. We conclude that neither the motion to dismiss nor the Order granting the motion was a violation of the automatic stay.

**IT IS ORDERED DENYING** Brewer's motion for relief from judgment (doc. 17). DATED this 3rd day of October, 2013.

Frederick J. Martone

Frederick J. Martone
Senior United States District Judge

- 4 -